**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NPI, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-346-TCK-SAJ** |
| | ) | |
| **PAGODA VENTURES, LTD.,** | ) | |
| **ARVEST BANK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 15). The Court is *sua sponte* considering the question of whether removal of this action is procedurally proper. In order to be procedurally proper, all defendants in an action must consent to removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("[I]t is well established that removal generally requires unanimity among the defendants."); *Cornwall v. Robison*, 564 F.2d 685, 686 (10th Cir. 1981); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996). A defendant may indicate its consent by signing the notice of removal or "independently and unambiguously fil[ing] notice of its consent and its intent to join in the removal within the thirty-day period." *Henderson*, 920 F. Supp. at 1186; *Helm v. Drennan*, No. 07-CV-344-CVE, 2007 WL 2128404, at * 1 (N.D. Okla. July 25, 2007). If Arvest consents to removal, it shall file notice of such consent no later than July 7, 2008, which is thirty days from the filing of the Verified Petition for Temporary and Permanent Injunction ("Verified Petition").[1] If Arvest does not consent to removal by such date, the action may be subject

[1] The end of the thirty-day removal period falls on Friday, July 4, 2008. *See* Fed. R. Civ. P. 6(a)(3). This is a legal holiday, and the removal deadline is therefore July 7, 2008. *See id.*

to remand due to procedural defect. If the parties wish to file briefs regarding the impact of Arvest's consent to removal or lack thereof, they shall do so no later than July 9, 2008.[2]

In the event removal is procedurally proper, the Court may also require Arvest to submit evidence regarding an issue raised in the parties' briefs – the citizenship of Arvest. In its Verified Petition, NPI alleged: "Arvest is an Arkansas corporation with its principal place of business in Bentonville, Arkansas. Arvest conducts businesses in offices in Tulsa, Oklahoma." Pagoda relied on this verification as proof of Arvest's citizenship in its Notice of Removal. Matthew Ralph ("Ralph"), counsel for NPI, initially gathered this information from a telephone conference with an Arvest representative. (Ralph Decl. ¶ 3, Ex. 1 to Reply in Support of Mot. to Remand.) NPI has now presented evidence in an attempt to show that Arvest is, or at least may be, an Oklahoma corporation. (*See id.* ¶¶ 4, 5 & referenced documents.) NPI has also argued that Arvest may be a state-chartered corporation rather than a federally chartered corporation, which impacts the test to be applied in determining the citizenship of a bank. *See generally Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (explaining how to determine citizenship of a bank for diversity purposes).

---

[2] Defendants that are merely "nominal parties" need not consent to removal. *See generally Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Mathews v. County of Fremont, Wyo.*, 826 F. Supp. 1315, 1318 (D. Wyo. 1993). Similarly, the citizenship of nominal parties may be ignored for purposes of determining the existence of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (internal citations omitted); 13B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3606 (2d ed. 1984) ("In determining whether complete diversity exists, nominal or formal parties who have no interest in the action will be ignored."). Based on the briefing before the Court regarding the Motion to Remand, Pagoda does not appear to contend that Arvest is a nominal party. If it does so contend, Pagoda bears the burden of proving Arvest's nominal status. *See Mathews*, 826 F. Supp. at 1318 ("The burden of establishing a party's nominal status rests with the party seeking removal."); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 388-89 (S.D.N.Y. 2006) (holding that nominal status of a party must be shown by clear and convincing evidence).

Therefore, Arvest may be ordered to submit a pleading indicating whether it is a state-chartered bank or a federally chartered bank. If it is a state-chartered bank, the pleading should further indicate Arvest's state of incorporation and its alleged principal place of business. If it is a federally chartered bank, the pleading should further indicate Arvest's "main office," as designated in its organization certificate and articles of association filed with the United States Office of the Comptroller of the Currency. *See generally Wachovia*, 546 U.S. at 307 n.1. If required, the Court will set deadlines for this filing, as well as any briefs regarding this filing, following the Court's determination of the procedural propriety of removal.

**ORDERED THIS 25TH DAY OF JUNE, 2008.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**